**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN T. DUNLAP, AS EXECUTOR OF THE ESTATE OF JOSEPHINE A. MAYER, | 25 Civ. 2942 (JLR) |
| *Plaintiff,* | |
| -*against*- | |
| UNITED STATES OF AMERICA, | |
| *Defendant.* | |

**MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

**DUNNINGTON, BARTHOLOW
& MILLER LLP**
Luke McGrath
230 Park Avenue, 21st Floor
New York, New York 10169
Tel: (212) 682-8811
LMcGrath@dunnington.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   FACTUAL BACKGROUND.................................................................................... 1

III.  LEGAL STANDARD............................................................................................... 1

IV.   ARGUMENT AND AUTHORITIES....................................................................... 2

V.    CONCLUSION........................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................... 1, 2, 3
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................... 1, 2
*Excevarria v. Dr Pepper Snapple Grp., Inc.*,
    764 F. App'x 108 (2d Cir. 2019) .............................................................................. 1, 2, 4
*Grant v. County of Erie*,
    542 F. App'x 21 (2d Cir. 2013) ..................................................................................... 4, 5
*In re Elevator Antitrust Litig.*,
    502 F.3d 47 (2d Cir. 2007)................................................................................................ 2

Statutes

26 U.S.C. § 6511(b)(2)(A)................................................................................................... 2
26 U.S.C. § 7422(a) ....................................................................................................... 3, 4

Plaintiff John T. Dunlap, as Executor of the Estate of Josephine A. Mayer ("Plaintiff"), submits this memorandum of law in opposition to the motion to dismiss (the "MTD") of Defendant the United States of America ("Movant" or "Defendant") (Dkt. Nos. 16-18).

## I.    PRELIMINARY STATEMENT

This is a case about a refund of money overpaid to the Internal Revenue Service ("IRS"). The IRS cannot dispute the overpayment and thus the equitable and just result is a refund. Instead, the IRS seeks to dispute "proof" at the pleadings stage – which this Court will not tolerate as a matter of course. The Court should deny this motion and the IRS should repay the money that it is not entitled to keep.

## II.    FACTUAL BACKGROUND

Plaintiff respectfully refers the Court to the allegations stated in his complaint.

## III.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A court considering a motion to dismiss must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff*." Excevarria v. Dr Pepper Snapple Grp., Inc.*, 764 F. App'x 108, 109 (2d Cir. 2019). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The claimant must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). However, this "flexible plausibility

1

standard" is not a heightened pleading standard, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (internal quotation marks and citation omitted), and "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

## IV.    ARGUMENT AND AUTHORITIES

The Defendant's motion to dismiss should be denied because Movant fails to argue any legitimate basis for dismissal.

A motion to dismiss shall be denied unless the Movant demonstrates that plaintiff has failed to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 697. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The claimant must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). However, this "flexible plausibility standard" is not a heightened pleading standard, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (internal quotation marks and citation omitted), and "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555.

Here, the Defendant argues that the Court should dismiss the Plaintiff's complaint for two improper reasons. First, the Defendant argues that the IRS has no record of the Plaintiff's tax return filings. *See* Dkt. No. 17 ("Def's MTD") p. 7. However, this argument ignores the legal standard in a motion to dismiss that the court "must accept [] all factual allegations in the complaint as true and draw [] all reasonable inferences in favor of the plaintiff." *See Excevarria*, 764 F. App'x at 109. The Plaintiff's complaint alleges that he filed tax returns on multiple dates within the three-year look-back window of 26 U.S.C. § 6511(b)(2)(A). Specifically, the Plaintiff alleges that he filed tax returns on or around October 3, 2017 and May 16, 2019. *See* Compl. ¶¶ 12-18. Therefore,

2

because the Court must accept these allegations as true, the Defendant's motion to dismiss must be denied.

Second, the Defendant argues that the Court should dismiss the Plaintiff's complaint because the Plaintiff has provided no evidence of the alleged tax return filings. *See* Def's MTD, pp. 2-3. Again, this argument ignores the legal standard in a motion to dismiss that the Court will only assess the facts alleged in the Plaintiff's complaint and the fact that Plaintiff is not required to submit any evidence supporting his allegations at this stage of litigation. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Here, as stated previously, the Plaintiff alleges that he filed tax returns on or around October 3, 2017 and May 16, 2019. *See* Compl. ¶¶ 12-18.  Because the Court must accept these allegations as true, the Plaintiff has sufficiently stated a plausible claim for a tax refund, and the Court must deny the Defendant's motion to dismiss.

The Defendant's motion to dismiss should be denied because the Plaintiff's complaint sufficiently alleges facts supporting a plausible claim for relief to receive a tax refund.

To state a claim pursuant to 26 U.S.C. § 7422(a) and to survive a motion to dismiss, the Plaintiff must merely allege that he filed a claim for a refund with the Secretary in his complaint. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Here, the Plaintiff's complaint satisfied this minimal requirement when he alleged that he filed tax returns on or around October 3, 2017 and May 16, 2019. *See* Compl. ¶¶ 12-18. At this stage of litigation and when considering this motion to dismiss, the Court must accept this

3

allegation as true. *See Excevarria*, 764 F. App'x at 109 (A court considering a motion to dismiss must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff. *"*). Accordingly, because the Plaintiff's complaint stated a claim for relief pursuant to 26 U.S.C. § 7422(a), the Court should deny Defendant's motion to dismiss.

The Court should reject any proffer of evidence outside the four corners of the Plaintiff's complaint.

When considering a motion to dismiss, the Court is generally confined in its review to the facts alleged within the four corners of the Complaint, with few exceptions. *See Grant v. County of Erie*, 542 F. App'x 21, 23 (2d Cir. 2013). The exceptions to this general rule are as follows: documents attached to the complaint; documents incorporated in the complaint by reference; documents "integral" to the complaint; documents relied upon in the complaint; and facts of which judicial notice may be properly taken. *See id.*

Here, in support of the Defendant's motion to dismiss, the Defendant submitted a declaration by Julianne Gabor, an Attorney in the Office of Chief Counsel of the Internal Revnue Service in New York, New York. *See* Declaration of Julainne Gabor ("Gabor Decl.") ¶ 1. The Defendant argues that the Plaintiff's complaint should be dismissed based upon statements provided in Ms. Gabor's Declaration, including her statement that "IRS records do not reflect the receipt of any return or refund request for tax year 2016 before [August 19, 2022]." *See* Def's MTD, p. 7; *see also* Gabor Decl. ¶ 5. However, Ms. Gabor's Declaration is not a document attached to the complaint, a document incorporated in the complaint by reference, a document integral to the complaint, a document relied upon within the complaint, nor does it contain facts which this court has taken judicial notice of. *See Grant,* 542 F. App'x at 23. Accordingly, Ms. Gabor's

4

Declaration does not satisfy any of the exceptions to the general rule that the Court's review in this motion to dismiss is limited to the facts alleged in the complaint. *See id.*

Therefore, when considering the Defendant's motion to dismiss, the Court should not consider any statements made by Ms. Gabor in her Declaration. Rather, the Court should solely rely upon the facts alleged in the Plaintiff's complaint, and should deny the Defendant's motion to dismiss.

### V.    CONCLUSION

For the reasons above, this Court should deny the Defendant's motion to dismiss, and provide any and all other relief that is just and reasonable.

Dated: New York, New York
      February 4, 2026

Respectfully submitted,

**DUNNINGTON, BARTHOLOW & MILLER LLP**


By: ___*/s/Luke McGrath*_____
Luke McGrath
230 Park Avenue, Fl. 21
New York, New York 10169
Tel. (212) 682-8811
lmcgrath@dunnington.com

*Attorneys for Plaintiff*

5