UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN T. DUNLAP, AS EXECUTOR OF THE ESTATE OF JOSEPHINE A. MAYER, <br><br>                             Plaintiff, <br><br> -against- <br><br> UNITED STATES OF AMERICA, <br><br>                             Defendant. | Case No. 1:25-cv-02942 (JLR) <br><br> **OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff John T. Dunlap ("Plaintiff" or "Dunlap"), acting in his capacity as Executor of the Estate of Josephine A. Mayer (the "Estate"), brings this action against Defendant the United States of America ("Defendant" or the "Government"), seeking a refund of $60,483 in income taxes paid on behalf of the Estate for tax year 2016. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the following reasons, the Court GRANTS the motion.

## BACKGROUND

On January 27, 2017, the New York County Surrogate's Court of the State of New York appointed Dunlap as executor of the Estate. Dkt. 1 ("Compl." or "Complaint") ¶ 6. Acting in this capacity, Dunlap handled the Estate's outstanding tax payments, including seeking an extension until October 15, 2017, to file an income tax return with the Internal Revenue Service ("IRS"). *See id.* ¶¶ 7, 12. The extension was granted, and the Estate paid a total "$448,067 of federal income tax payments" for the year 2016. *Id.* ¶ 9. According to the Complaint, this amount was "an overpayment of $60,483." *Id.* ¶ 10. Dunlap alleges that he requested a refund on the Estate's Form 1040 tax return, which he claims was filed via Certified Mail on October 3, 2017. *Id.* ¶¶ 11-12. The IRS, however, issued a notice on July 30, 2018, to Josephine Mayer

("Decedent") and her attorneys, stating that it never received the Form 1040 tax return.  *Id.* ¶ 15.

Dunlap claims that he again filed a copy of the tax return on May 16, 2019, *id.* ¶¶ 16-18, and that

the IRS again denied receiving it, *id.* ¶ 19.  Dunlap alleges that he then filed the 2016 tax return a

third time on October 27, 2022.  *Id.* ¶ 20.  Unlike the previous alleged filings, the IRS recognized

this filing but refused to grant a refund because the claim was not timely filed.  *Id.* ¶ 21.

Decedent's accountant subsequently filed a "formal protest of the disallowed claim with the IRS

Office of Appeals."  *Id.* ¶¶ 22.  The IRS Office of Appeals denied the appeal on August 7, 2024.

*Id.* ¶ 24.

On April 9, 2025, after losing that appeal, Dunlap commenced this action against the

Government, seeking a federal income tax refund pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C.

§ 1346(a)(1).  *See id.* at 2.  On December 9, 2025, the Government moved to dismiss the

Complaint for lack of subject-matter jurisdiction.  Dkt. 16; Dkt. 17 ("Br."); Dkt. 18 ("Gabor

Decl.").  Plaintiff filed an opposition brief on February 4, 2026, Dkt. 21 ("Opp."), and the

Government replied on February 24, 2026, Dkt. 22 ("Reply").  The motion is fully briefed.

## LEGAL STANDARD

Under Rule 12(b)(1), a claim may be dismissed for "lack of subject-matter jurisdiction."

Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction

when the district court lacks the statutory or constitutional power to adjudicate it."  *AMTAX

Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 37 (2d Cir. 2025).  "A plaintiff asserting

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

exists."  *Id.* (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also

Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("[J]urisdiction must be

shown affirmatively, and that showing is not made by drawing from the pleadings inferences

favorable to the party asserting it.").

In a Rule 12(b)(1) motion, "the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001); *see also Lugo v. City of Troy*, 114 F.4th 80, 87 (2d Cir. 2024) ("A Rule 12(b)(1) motion may be either facial or fact-based."). When a defendant challenges the legal sufficiency, that challenge is "'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' [and thus] plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." *Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)); *accord Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 281 (S.D.N.Y. 2024). However, when challenging the factual sufficiency of jurisdiction, the defendant may do so "proffering evidence beyond the [p]leading." *Carter*, 822 F.3d at 57. A plaintiff must then "come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (omission in original) (quoting *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). Only when "the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show [subject matter jurisdiction]" can a plaintiff rely solely on the allegations in the complaint. *Id.*

## DISCUSSION

The Government challenges the factual sufficiency of subject matter jurisdiction in this case, arguing that Plaintiff did not file a refund claim within the timeline established by the tax

code.  Br. at 6-9.[1]  In support of its motion, the Government attached the declaration of Julianne

Gabor, an IRS attorney, who states that there is no record of a tax return or refund claim filed on

behalf of the Estate until August 19, 2022.  Gabor Decl. ¶¶ 5-6.  Plaintiff opposes, contending

that the Court must confine itself to the pleading at this stage of litigation, which alleges that

Dunlap filed timely returns.  Opp. at 2-4.

Under 28 U.S.C. § 1346(a)(1), federal district courts have "original jurisdiction" over

"[a]ny civil action against the United States for recovery of any internal-revenue tax alleged to

have been erroneously or illegally assessed or collected."  28 U.S.C. § 1346(a)(1).  However,

before such a claim is cognizable in federal court, the plaintiff must "comply with the tax refund

scheme," *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); *see also* 26

U.S.C. § 7422, which includes "jurisdictional time bars," *Ertman v. United States*, 165 F.3d 204,

206 (2d Cir. 1999); *accord Dempsey v. United States*, No. 24-cv-09389 (JGLC), 2026 WL

380773, at *3 (S.D.N.Y. Feb. 11, 2026).  One of these jurisdictional time bars is 26 U.S.C.

§ 6511(b)(2)(A), which "establishes a 'look back' rule regarding when a refund claim may be

filed, limiting a claim for refund to amounts paid within three years, plus any granted extension,

of filing." *Dempsey*, 2026 WL 380773, at *3; *see also* 26 U.S.C. § 6511(b)(2)(A) ("[T]he

amount of the credit or refund shall not exceed the portion of the tax paid within the period,

immediately preceding the filing of the claim, equal to 3 years plus the period of any extension

of time for filing the return.").  In other words, "a taxpayer can recover a refund of an

overpayment, only if that overpayment was part of the taxes paid during the last 3 years plus the

---

[1] Defendant also preemptively argued that Plaintiff is not entitled to equitable tolling of this deadline.  *See* Br. at 9-13.  The Court need not address equitable tolling because Plaintiff did not make this argument or otherwise address it in his opposition brief.  *See generally* Opp.

period of any extension." *Weisbart v. U.S. Dep't of Treasury*, 222 F.3d 93, 96 (2d Cir. 2000), *abrogated on other grounds by In re WorldCom, Inc.*, 723 F.3d 346 (2d Cir. 2013).

"The taxpayer bears the burden of showing that the refund claim was timely filed." *Dempsey*, 2026 WL 380773, at *3 (quoting *Weisman v. I.R.S.*, 972 F. Supp. 185, 187 (S.D.N.Y. 1997)). Where a plaintiff claims to have mailed a tax return to the IRS, the "determination of the date of delivery of the return to the IRS is governed by 26 U.S.C. § 7502." *Washton v. United States*, 13 F.3d 49, 50 (2d Cir. 1993) (per curiam). That statute permits only two bases to establish that a requested refund was timely filed: "(1) a postmarked envelope, or (2) the postmarked registered or certified mailing receipt." *Dempsey*, 2026 WL 380773, at *3 (quoting *Weisman*, 972 F. Supp. at 188). Courts in this Circuit have construed "[26 U.S.C. §] 7502 . . . as precluding other methods of proving the date or fact of mailing." *Chiulli v. I.R.S.*, No. 03-cv-06670 (HBP), 2005 WL 579885, at *4 (S.D.N.Y. Mar. 11, 2005); *see also Washton*, 13 F.3d at 50 (noting that "courts have consistently rejected testimony or other evidence as proof of the actual date of mailing" (quoting *Deutsch v. Comm'r*, 599 F.2d 44, 46 (2d Cir. 1979))). "If a taxpayer cannot prove the date of filing, a refund claim is considered to have been filed when the IRS receives it." *Battle v. I.R.S.*, No. 98-cv-04697 (DC), 1999 WL 350875, at *3 (S.D.N.Y. June 1, 1999).

Here, given that the IRS granted Dunlap an extension until October 15, 2017, to file the Estate's 2016 tax return, *see* Compl. ¶ 7, 12, he needed to request a refund by October 15, 2020, for the claim to be timely under 26 U.S.C. § 6511(b)(2)(A). Yet, according to the Government's proffered evidence, the IRS did not receive the relevant tax return until August 19, 2022, and the IRS has no record of "any return or refund request for tax year 2016 before th[at] date." Gabor Decl. ¶ 5; *see also id.* ¶ 6 ("[T]he IRS has not located any record demonstrating that it received

any return or refund request for tax year 2016 in October 2017 or May 2019, as alleged in Plaintiff's complaint in this litigation.").

The Government's declaration, which contradicts the allegations in the Complaint, shifts the burden to Dunlap to show that he mailed the tax returns before October 15, 2020. *See Carter*, 822 F.3d at 57; *see also Maione v. McDonald*, No. 18-cv-07452 (KMK), 2025 WL 2676591, at *6 (S.D.N.Y. Sept. 18, 2025) (finding that defendants' evidence in support of their Rule 12(b)(1) motion required plaintiff to "present controverting evidence" to show that the court had subject matter jurisdiction). Since Dunlap alleges that the tax returns were mailed, Compl. ¶¶ 12, 18, he must demonstrate the date of filing with either the postmarked envelope or a postmarked registered or certified mailing receipt. *See* 26 U.S.C. § 7502(a), (c); *see also* 26 C.F.R. 301.7502-1(c)(2); *Bastable v. I.R.S.*, No. 04-cv-00415 (ADS) (JO), 2004 WL 3170534, at *2 (E.D.N.Y. Dec. 27, 2004) ("Pursuant to 26 U.S.C. [§] 7502, the plaintiff may only prove timely filing [of a tax refund claim] by producing either the postmarked envelope, or the registered or certified mail receipt."), *aff'd*, 159 F. App'x 299 (2d Cir. 2005) (summary order). Dunlap, however, provides no such evidence. Thus, the filing date for purposes of 26 U.S.C. § 6511(b)(2)(A) is the date that the IRS received the tax return, which, in this case, is August 19, 2022, Gabor Decl. ¶ 5 — well past the October 15, 2020 deadline. *See, e.g. Dempsey*, 2026 WL 380773, at *4 (determining that the date of filing was the date the IRS had record of receiving the claim when the plaintiff did not "show proof of a timely mailing by a postmarked envelope, or the postmarked registered or certified mailing receipt"); *Battle*, 1999 WL 350875, at *3 (finding the date the IRS received the claim to be the date of filing for purposes 26 U.S.C. § 6511(b)(2)(A) when "[p]laintiffs have not met the requirements of 26 U.S.C. § 7502 to prove" otherwise); *Bastable*, 2004 WL 3170534, at *2 (holding that plaintiff's tax refund "claim was filed as of the time the IRS received it" when plaintiff "failed to produce any proof of service").

In response, Dunlap contends that his only burden at the pleading stage is to plausibly allege that the relevant tax return was timely filed and that the Court should not consider extrinsic evidence presented by Defendant. Opp. at 2-5. Since he alleges that he mailed the tax return on October 3, 2017 and May 16, 2019, Compl. ¶¶ 12, 18, Dunlap argues that this is enough to survive a motion to dismiss. Opp. at 3-4. The Court is not persuaded.

Dunlap confuses the standard for a motion to dismiss under Rule 12(b)(1) with the standard under Rule 12(b)(6). In his opposition brief, Dunlap cites several cases — such as *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *In re Elevator Antitrust Litigation*, 502 F.3d 47 (2d Cir. 2007) (per curiam), *see* Opp. at 1-2 — that explain the standard for assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 677-80 (analyzing the legal standard for a motion to dismiss under Rule 12(b)(6)); *In re Elevator Antitrust Litig.*, 502 F.3d at 50 (applying the standard for a motion to dismiss under Rule 12(b)(6)). But the Government moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Dkt. 16. This is because, in tax cases, timeliness requirements "constitute the terms of congressional waiver of sovereign immunity," and are thus jurisdictional. *Dempsey*, 2026 WL 380773, at *3; *see United States v. Dalm*, 494 U.S. 596, 608-10 (1990) (holding that the time limitations were jurisdictional because "the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (alteration adopted) (citation omitted)); *see also Comm'r v. Lundy*, 516 U.S. 235, 240 (1996) (noting that the "provisions governing [tax] refund suits in United States District Court . . . make timely filing of a refund claim a jurisdictional prerequisite to bringing suit"). Unlike a Rule 12(b)(6) motion, where the Court tests only the legal sufficiency of the well-pleaded allegations, when the defendant moves to dismiss under Rule 12(b)(1) and presents evidence beyond the pleading, as the Government did here, the plaintiff

7

must "come forward with evidence of their own to controvert that presented by the defendant." *Katz*, 872 F.3d at 119 (quoting *Carter*, 822 F.3d at 57). Only when "the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show [subject matter jurisdiction]" can a plaintiff rely solely on the allegations in the complaint. *Carter*, 822 F.3d at 57. Here, the Government presented evidence that the only tax return from Dunlap that the IRS received was on August 19, 2022, which contradicts allegations that Dunlap filed tax returns on October 3, 2017, and May 16, 2018. *Compare* Gabor Decl. ¶¶ 4-7, *with* Compl. ¶¶ 12, 18. Thus, to survive the Rule 12(b)(1) motion, Dunlap must present evidence beyond the Complaint to show that the Court has subject matter jurisdiction because his return was timely filed, which he fails to do.

Even if Dunlap had provided a declaration attesting to timely filing, which he has not, his claim still would not survive, because 26 U.S.C. § 7502 requires proof by either a postmarked envelope or the postmarked registered or certified mailing receipt. *See, e.g.*, *Dempsey*, 2026 WL 380773, at *3-5 (dismissing tax refund claim as untimely when plaintiffs only presented affidavits and declarations); *Battle*, 1999 WL 350875, at *3 (granting Rule 12(b)(1) motion for tax refund claim when "[p]laintiff ha[d] not met the requirements of 26 U.S.C. § 7502 to prove . . . the date of filing" and the Government presented evidence that the claim was not timely); *Weisman*, 972 F. Supp. at 189 (dismissing tax refund claim for lack of subject matter jurisdiction because "the testimony of [p]laintiff's accountant is insufficient to establish that" a claim was timely filed and "no Section 7502 evidence [was] presented"); *Bastable*, 2004 WL 3170534, at *2 (dismissing plaintiff's tax refund claim for lack of jurisdiction when "the IRS received [the claim] . . . after the three-year deadline" and plaintiff "failed to produce any proof" that it was mailed before the deadline). Given that Dunlap does not present any evidence

pursuant to the requirements of 26 U.S.C. § 7502 to show that he timely filed the Estate's 2016

tax return, the action is properly dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the aforementioned reasons, the motion to dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1) is GRANTED.  The Clerk of Court is respectfully directed to

terminate the motion at Dkt. 16 and CLOSE this case.

Dated: May 6, 2026
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge